UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANTONELLA BYRD, as Personal
Representative of the ESTATE OF
RYAN BYRD, deceased,

    Plaintiff,

v.

KALAMAZOO COUNTY, CAPTAIN
WILLIAM TIMMERMAN, OFFICER MAHER,
DEPUTY ARTHUR LUGAR, DEPUTY SHAUN
LEHMKUHL, DEPUTY GREGORY ROBERTS,
DEPUTY DAVID ALLEN, DEPUTY NICESWANDER,
DEPUTY AUSTIN, and LT. STACEY GEIK,
jointly and severally,

    Defendants.

Case No. 1:18-cv-00620-PLM-PJG

HON. PAUL L. MALONEY

_____

| | |
|---|---|
| Rebecca H. Fillatraut (P46443) | Allan C. Vander Laan (P33893) |
| Law Offices of Lee B. Steinberg, PC | Cummings, McClorey, Davis & Acho |
| Attorneys for Plaintiff | Attorneys for County Defendants |
| 29777 Telegraph Road, Suite 1555 | 2851 Charlevoix Dr., S.E. – Suite 327 |
| Southfield, MI 48034 | Grand Rapids, MI 49546 |
| 248-352-7777 | 616-975-7470 |
| rebecca@leefree.net | avanderlaan@cmda-law.com |
| julie@leefree.net | |
| | Richard O. Cherry (P77272) |
| | Sarah R. Wenzlick (P79316) |
| | Kalamazoo City Attorney's Office |
| | Attorneys for City Defendants |
| | 241 W. South Street |
| | Kalamazoo, MI 49007 |
| | 269-337-8185 |
| | cherryr@kalamazoocity.org |
| | wenzlicks@kalamazoocity.org |

_____

**CITY OF KALAMAZOO DEFENDANTS' MOTION TO DISMISS**

NOW COME Defendants, Officer Maher and Lt. Stacey Geik, through their attorney, Assistant City Attorney, Richard O. Cherry, and pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, moves this Honorable Court to dismiss all claims against them and stay Defendants' answer to Plaintiff's Complaint until order of Court. In support of this motion, Defendants state as follows:

## Table of Contents

INTRODUCTION ............................................................................................................................ 5
STATEMENT OF FACTS ............................................................................................................. 6
LEGAL STANDARD ..................................................................................................................... 7
DISCUSSION .................................................................................................................................. 7
  I.  Plaintiffs Have Not Sufficiently Alleged a Cause of Action Under 42 U.S.C. § 1983 Against City of Kalamazoo Defendants, in their Individual Capacities. .................................... 8
    a.  Plaintiff Has Failed to State a Valid Claim Under the Fourth Amendment. .................... 9
    b.  Plaintiff Has Failed to State a Valid Claim Under the Fourteenth Amendment. ........... 11
    c.  Defendants Are Entitled to the Defense Of Qualified Immunity Since Plaintiff Has Failed To Sufficiently Allege a Constitutional Violation Under Section 1983 ..................... 13
  II. Plaintiff Has Failed To Allege A Custom, Policy Or Practice That Caused Her Alleged Injury; Therefore Her Claims Against City Defendants In Their Official Capacities and Claims Against the City of Kalamazoo Must Be Dismissed. ................................................................. 14
CONCLUSION ............................................................................................................................. 15

# Table of Authorities

*Anderson v. Creighton,* 483 U.S. 635, 638-39 (1987) .................................................................13
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...................................................................................7
*Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994)......................15
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), ..................................................................7
*Bonner-Turner v. City of Ecorse*, 627 F. App'x 400, 406 (6th Cir. 2015).......................................8
*Boone v. Spurgess*, 385 F.3d 923, 925 (6th Cir. 2004) .................................................................10
*Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) ............................................................12
*Burnette v. Taylor*, 533 F.3d 1325, 1330-31 (11th Cir. 2008). .....................................................13
*City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983).......................................................8
*Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) ...............................................................8
*County of Sacramento v. Lewis,* 523 U.S. 833, 845-54, (1998)....................................................11
*Darrah v. City of Oak Park*, 255 F.3d 301, 307(6th Cir. 2001)......................................................9
*Dunigan v. Noble,* 390 F.3d 486, 493 (6th Cir. 2004); ...................................................................9
*English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ...................................................................14
*Estelle v. Gamble*, 429 U.S. 97, (1976)........................................................................................11
*Farmer v. Brennan*, 511 U.S. 825 (1994). ...................................................................................12
*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)................................................................12
*Graham v. Connor*, 490 U.S. 386, 396-97, 109 S. Ct. 1865 (1989) ...............................................9
*Gray v. City of Detroit,* 399 F.3d 612, 616 (6th Cir. 2005) .........................................................12
*Grayson v. Ross*, 454 F.3d 802, 809-10 (8th Cir. 2006) .................................................................9
*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) ...................................7
*Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) ....................................................................11
*Hocker v. Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994) .................................................................10
*Hunter v. Bryant,* 502 U.S. 224, 229 (1991).................................................................................13
*Jackson v. Marion County,* 66 F.3d 151, 152 (7th Cir. 1995) ......................................................15
*Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986)........................................14
*Kentucky v. Graham*, 473 U.S. 159, 167 (1985).........................................................................15
*Lorenzo v. Corrections Corp. of America,* 23 Fed. Appx. 348, 350 (6th Cir. 2001). ....................8
*Monell v. Department of Social Services,* 436 U.S. 658, 694, (1978) .........................................15
*Pearson v. Callahan,* 555 U.S. 223, 232 (2009).........................................................................13
*Purtell v. Mason,* 527 F.3d 615, 621 (7th Cir. 2008)..................................................................14
*Saucier v. Katz,* 533 U.S. 194, 201 (2001)...........................................................................13,14
*Smith v. City of Chicago,* 242 F.3d 737, 742 (7th Cir. 2001). .....................................................14
*Smith v. Rowe,* 761 F.2d 360 (7th Cir. 1985)................................................................................8
*Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001) ..............................................9
*Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 704 (7th Cir. 2004) .......................12
*Wilson v. Spain,* 209 F.3d 713 (8th Cir. 2000).............................................................................11
*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583(6th Cir. 2012).................................................7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................... 7

**Statutes**

42 U.S.C. § 1983............................................................................................................passim

# **INTRODUCTION**

On or about June 1, 2018, Plaintiff Antonella Byrd, as personal representative of the estate of Ryan Byrd (Decedent), initiated this action in the United States District Court for the Western District of Michigan against Kalamazoo County, Captain William Timmerman, Officer Maher, Deputy Arthur Lugar, Deputy Shaun Lehmkuhl, Deputy Gregory Roberts, Deputy David Allen, Deputy Niceswander, Deputy Austin, and Lt. Stacey Geik. Plaintiff's Complaint alleges the following claims: Count I – Denial of Medical Treatment for Serious Medical Needs-Deliberate Indifference-All Defendants; Count II – Failure to Train, Inadequate Policies and/or Procedures, Customs and Practices and Failure to Supervise-Deliberate Indifference-Kalamazoo County and Timmerman; Count III – Gross Negligence, Intentional, Willful and Wanton Conduct. (Pl. Complaint ECF RE 1 Page ID 9, 14, 19).

Plaintiff's Complaint states that Officer Maher and Lt. Stacey Geik were employees of Kalamazoo County via the Kalamazoo County Sheriff Department. (Pl. Complaint EFC RE 1 Page ID 3, 5). However, Officer Maher and Lt. Stacey Geik were employed by the City of Kalamazoo via Kalamazoo Department of Public Safety (KDPS).[1] Defendants Officer Maher and Lt. Stacey Geik now moves this Court for dismissal of Plaintiff's claims against them for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

---

[1] Plaintiff is aware of this as Officer Maher was served with the Summons and Complaint for this case at KDPS Headquarters. KDPS is a municipal entity of the City of Kalamazoo, which is separate and apart from the County of Kalamazoo.

## STATEMENT OF FACTS

On June 4, 2015, Decedent, Ryan Byrd, was arrested by City Defendant Maher due to an outstanding warrant and was transported to the Kalamazoo County Jail. (Pl. Complaint ECF RE 1 Page ID 6-7). Decedent was taken to booking where custody was then transferred to Kalamazoo County. Decedent was presented to the County's booking officer who noted that Decedent was "high and uncooperative" and Decedent was then placed into observation cell R-106. (Pl. Complaint ECF RE 1 Page ID 7). Plaintiff claims that prior to being placed in observation cell R-106, Decedent "advised City Defendants Maher and Geik that he didn't feel well." (Pl. Complaint ECF RE 1 Page ID 7). However this occurred while Decedent was in County Defendants' custody. City Defendants no longer had custody of Decedent and they were not involved in any additional observations of Decedent after he was booked and placed into observation cell R-106.

After City Defendants' involvement, Plaintiff claims that Decedent advised County Defendants that he was coming down from heroin and/or Xanax. (Pl. Complaint ECF RE 1 Page ID 7). Plaintiff claims that at 16:30, County Defendants noted that Decedent was in an observation cell because he had taken Xanax and was uncooperative with the booking staff. (Pl. Complaint ECF RE 1 Page ID 8). Plaintiff also claims that at 16:30, County Defendants noted that Decedent may be withdrawing from heroin. (Pl. Complaint ECF RE 1 Page ID 8). Decedent was found unresponsive at approximately 20:28 and was pronounced dead at 21:21. (Pl. Complaint ECF RE 1 Page ID 9). It was concluded that Decedent died as a result of mixed drug intoxication. *Id.*

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. In assessing a motion to dismiss under 12(b)(6) the court must take "all well-pleaded material allegations of the pleadings of the opposing party ... as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583(6th Cir. 2012). A well-pleaded complaint contains "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), such that the plaintiff pleaded sufficient "factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, "the court need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation and internal quotation marks omitted).

## **DISCUSSION**

### I. Plaintiffs Have Not Sufficiently Alleged a Cause of Action Under 42 U.S.C. § 1983 Against City of Kalamazoo Defendants, in their Individual Capacities.

For Plaintiff to state a plausible claim for relief under *42 U.S.C. § 1983*, a plaintiff must allege that each defendant was personally involved in the alleged constitutional violation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)(emphasis added). This is a strict rule that failure to allege a constitutional deprivation by a particular defendant results in dismissal. *Id. Respondeat superior* does not apply to actions filed under § 1983. *See Lorenzo v. Corrections Corp. of America,* 23 Fed. Appx. 348, 350 (6th Cir. 2001). An official can be personally liable in a *§ 1983* action only if he acts or fails to act with a deliberate or reckless disregard of a plaintiff's constitutional rights or if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Smith v. Rowe,* 761 F.2d 360 (7th Cir. 1985).

Plaintiff alleges that City Defendants violated her son's Fourth, Eighth, and Fourteenth amendment rights by denying him access to medical treatment for a serious medical need and acted with deliberate indifference to that serious medical need. Since the Decedent was arrested on a valid warrant and therefore a pretrial detainee the Eighth Amendment has no application to the allegations presented in Plaintiff's complaint. *See City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983).( holding that the Eighth Amendment has "no application" to medical care claims brought by individuals where there was no adjudication of guilt at the time they required medical care.). City Defendants will only address Plaintiff's Fourth and Fourteenth Amendment claims.[2]

---

[2] The Sixth Circuit has "not resolved whether the Fourth Amendment's objective reasonableness standard or the more onerous Fourteenth Amendment deliberate indifference standard governs claims for failure to provide medical care prior to a probable cause determination." *Bonner-Turner v. City of Ecorse*, 627 F. App'x 400, 406 (6th Cir. 2015).

### a. Plaintiff Has Failed to State a Valid Claim Under the Fourth Amendment.

To determine whether there is a Fourth Amendment violation, the court must apply the objective reasonableness test, looking to the reasonableness of a defendant's actions; *Dunigan v. Noble,* 390 F.3d 486, 493 (6th Cir. 2004); see also *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S. Ct. 1865 (1989). The objective reasonableness test requires courts to consider the reasonableness of an officer's actions in light of the totality of the circumstances, and from the perspective of a reasonable officer on the scene, rather than with the advantage of hindsight. *Darrah v. City of Oak Park*, 255 F.3d 301, 307(6th Cir. 2001).  Here Plaintiff alleges that City Defendant, Officer Maher pulled over and arrested the Decedent Mr. Byrd for an outstanding warrant. (Pl. Complaint ECF RE 1 Page ID 6-7). Defendant Maher then transported Decedent to Kalamazoo County Jail.  Once at the jail Decedent was presented to the County's booking officer who during the booking process noted that the Decedent was "high and uncooperative." *Id.* There is no allegation that City Defendants made the same observations or were around when the booking officer made and noted his observations.  Even if there were such an allegation that City Defendants made an observation that Decedent was "high and uncooperative" the Constitution does not require an arresting police officer or jail official to seek medical attention for every arrestee or inmate who appears to be affected by drugs or alcohol. *See Grayson v. Ross*, 454 F.3d 802, 809-10 (8th Cir. 2006) (concluding there was no "objectively serious medical need" where the arresting officer and jailers knew the plaintiff was likely under the influence of methamphetamine); *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001) (affirming summary judgment for defendant officers and jailers where plaintiff denied swallowing drugs but was observed drooling a pink foamy substance, constantly licking his lips, falling out of a chair, grabbing his stomach, and "appeared to be drunk or high"); *Hocker v.*

*Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994) (affirming summary judgment for defendant officers and jailers where they did not seek medical treatment for plaintiff who was "obviously . . . intoxicated or under the influence of drugs").

It was only when Decedent was booked and in the custody of Kalamazoo County that Plaintiff alleged that Decedent told City Defendants, Geik and Maher, that he did not feel well. There are no allegations that prior to that point, while Decedent was in City Defendants' custody, did Decedent tell City Defendants why he did not feel well or that he took any drugs that caused him not to feel well.

Further, there are no allegations that Decedent exhibited any signs of being in distress or being under the influence of any drugs that would have put the City Defendants on notice that Decedent was unwell and needed medical attention. There are no allegations that Decedent ever asked to go to the hospital while in the City Defendants' custody. The interaction alleged in Plaintiff's complaint between City Defendants and the Decedent began at the arrest and ended prior to Decedent being placed in the holding cell in the jail. (Pl. Complaint ECF RE 1 Page ID 6-7). Thus under the totality of the circumstances no reasonable officer would have thought that Plaintiff was in need of medical treatment for simply not feeling well even in the light most favorable to Plaintiff. It is equality plausible and reasonable that from City Defendants' vantage point that Decedent started not to feel well because he was booked and knew he was going to sit in jail for a while.

Further, in the Sixth Circuit, a seizure under the Fourth Amendment continues at least throughout the time the person remains in the custody of the arresting officers. *Boone v. Spurgess*, 385 F.3d 923, 925 (6th Cir. 2004). As alleged in Plaintiff's complaint Decedent was no longer in City Defendants' custody when he made allegedly made the statement that he did

not feel well. Thus under the totality of the circumstances while Decedent was in City Defendants custody, no reasonable officer would have thought that Plaintiff was in need of medical treatment.

### b. Plaintiff Has Failed to State a Valid Claim Under the Fourteenth Amendment.

If Plaintiff cannot establish that the decedent's rights were violated under the Fourth Amendment then Plaintiff cannot do so under the more burdensome standard of the Fourteenth Amendment. If the City Defendants' behavior did not rise to the level of Fourth Amendment violation, then their same behavior cannot offend the Fourteenth Amendment. *See Wilson v. Spain,* 209 F.3d 713 (8th Cir. 2000) (stating that "if Wilson cannot win his case under Fourth Amendment standards, it is a certainty he cannot win it under the seemingly more burdensome, and clearly no less burdensome, standards that must be met to establish a Fourteenth Amendment substantive due process claim") (*citing County of Sacramento v. Lewis,* 523 U.S. 833, 845-54, (1998)). However, for argument sake, Defendants will address Plaintiff's Fourteenth Amendment claim.

To sustain a § 1983 cause of action under the Fourteenth Amendment for failure to provide medical treatment, plaintiff must establish that the City Defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, (1976).

The Plaintiff must prove both an objectively serious medical need and that a Defendant acted with deliberate indifference to that need. *Id.* A "sufficiently serious" medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Since Plaintiff does not allege that Decedent was ever seen

by a physician, Plaintiff must allege facts that establish for each City Defendant that decedent's medical need was so obvious that a lay person--in the City Defendants' place--would recognize the need for treatment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Plaintiff fails to allege facts that Decedent's need for medical attention was so obvious that Geik and Maher should have recognized that Decedent needed medical attention. The only allegation that had to do anything with decedent's health was Decedent told them that he did not feel well. It would not be obvious to a layperson that Decedent was in need of medical attention with that statement alone.

Further, Plaintiff must allege that City Defendants had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005). Plaintiff must also demonstrate that the City Defendants were "both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825 (1994).

No liability arises under the Constitution for "an official's failure to alleviate a significant risk that he should have perceived but did not . . . .". *Id.* As such, imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. See *Gray v. City of Detroit,* 399 F.3d 612, 616 (6th Cir. 2005) ("[T]he test for deliberate indifference is a subjective test not an objective test for collective knowledge."); *See also Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 704 (7th Cir. 2004). Each individual Defendant must be judged separately and on the basis of what that person knows. *Burnette v. Taylor*, 533 F.3d 1325, 1330-31 (11th Cir. 2008). In this case, the only thing that Plaintiff alleges that City Defendants, Geik and Maher, knew was that Plaintiff did not feel. Without anything more an inference could not

be drawn that a substantial risk of serious harm existed even in the light most favorable to the Plaintiff.

### c. Defendants Are Entitled to the Defense of Qualified Immunity Since Plaintiff Has Failed To Sufficiently Allege a Constitutional Violation Under Section 1983

Plaintiff's failure to allege a constitutional violation entitles City Defendants to the defense of qualified immunity. Qualified immunity shields public officials from liability when they act in a manner that they reasonably believe to be lawful. *Anderson v. Creighton,* 483 U.S. 635, 638-39 (1987). The doctrine allows "ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant,* 502 U.S. 224, 229 (1991)(internal quotation marks omitted). The Supreme Court has identified two key inquiries for qualified immunity assertions: (1) whether the facts, taken in the light most favorable to the plaintiffs, show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. *Pearson v. Callahan,* 555 U.S. 223, 232 (2009*)*; *Saucier v. Katz,* 533 U.S. 194, 201 (2001). A defendant has violated a clearly established right only where a reasonable officer would have known the alleged actions to be illegal, if faced with similar circumstances. *Saucier*, 533 U.S. at 202. Since the purpose of qualified immunity is to protect public officials from guessing about constitutional developments at their peril, a plaintiff has the burden of showing that the constitutional right was clearly established. *Purtell v. Mason,* 527 F.3d 615, 621 (7th Cir. 2008*).* This can be done by showing that there is "a clearly analogous case establishing a right to be free from the specific conduct at issue" or that "the conduct is so egregious that no reasonable person

could have believed that it would not violate clearly established rights." *Smith v. City of Chicago,* 242 F.3d 737, 742 (7th Cir. 2001).

The defense of qualified immunity "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986)).

A right is clearly established when the "contours" of the right are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier at* 202. There is no way City Defendants' conduct as plead would put them on notice that they were violating the decedent's right to medical treatment for a serious medical condition. The conduct alleged was not so egregious that no reasonable person could have believed that it would not violate clearly established rights even in the light most favorable to Plaintiff.  Further, a reasonable officer would not have known the alleged actions that Plaintiff alleges to be illegal, if faced with similar circumstances. As argued above, while the Decedent was in City of Kalamazoo's custody, there are no facts alleged that implicate a constitutional right that was violated thus City Defendants are entitled to qualified immunity.

## II. Plaintiff Has Failed To Allege A Custom, Policy Or Practice That Caused Her Alleged Injury; Therefore Her Claims Against City Defendants In Their Official Capacities and Claims Against the City of Kalamazoo Must Be Dismissed.

Actions brought against governmental employees in their official capacities are actually claims against the governmental entity for which they work. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985*)*. A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice.

*Monell v. Department of Social Services,* 436 U.S. 658, 694, (1978). A municipality can be said to have violated the rights of a person because of its policy when a widespread practice, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994*).* In order to impute knowledge to policymakers of a widespread practice, plaintiff must show a pattern of constitutional violations; a single act of misconduct, however, will not suffice. *Jackson v. Marion County,* 66 F.3d 151, 152 (7th Cir. 1995).

Here Plaintiff has failed to allege that the alleged constitutional deprivations were caused by an official custom, policy or practice of the City of Kalamazoo. In fact Plaintiffs have failed to allege a *Monell* claim against the City of Kalamazoo all together, thus the City of Kalamazoo and official capacity claims against named City Defendants should be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth in this motion Defendants respectfully requests that this Court grant dismissal pursuant to 12(b)(6) and dismiss Plaintiff's action with prejudice.

    Respectfully submitted,

By:   */s/ Richard O. Cherry*
      Richard O. Cherry (P77272)
      Assistant City Attorney
      Kalamazoo City Attorney
      241 South St. Suite 301
      Kalamazoo MI., 49007