UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONELLA BYRD, as Personal Representative ) <br> of the ESTATE OF RYAN BYRD, ) <br> Plaintiff, ) <br> ) <br> -v- ) <br> ) <br> KALAMAZOO COUNTY, et al., ) <br> Defendants. ) <br> ) | No. 1:18-cv-620 <br><br> Honorable Paul L. Maloney |

## OPINION

This matter is before the Court on non-party The Law Offices of Lee Steinberg's motion to strike the lien filed by non-party Fieger Law Firm (Lien ECF No. 60; Motion ECF No. 67). The Court has now had the benefit of supplemental briefing. For the reasons to be explained, the Court concludes that it has jurisdiction to decide the motion to strike.

The above-captioned case involved the 2015 death of Ryan Byrd while in custody at the Kalamazoo County Jail. His mother, Antonella Byrd, initiated the litigation in 2015; she settled with Defendants in late 2019. Ms. Byrd first sought legal representation from the Fieger Law Firm in 2015. The parties presently before the Court[1] disagree on some of the details of what happened next, but they agree that the Fieger Law Firm referred the case to the Rasor Law Firm in September 2015, and they agree that attorney Rebecca Filliatraut was employed at the Rasor Firm at the time. They also agree that Filliatraut ended her employment with Rasor at some point thereafter and joined the Steinberg firm. Finally, they

---

[1] For ease of reference, the Court will refer to the Law Offices of Lee Steinberg and the Fieger Law Firm as "the parties" in this Opinion, even though they are not parties to the captioned case.

agree that the Steinberg firm ultimately represented Antonella Byrd through the settlement process.

The parties disagree, however, about the appropriateness of the intervening events. The Fieger Firm alleges that Filliatraut accepted the matter on referral from Fieger and then took the matter with her to Steinberg; therefore, the Fieger Firm believes that it is entitled to a referral fee. Steinberg argues that Filliatraut left the Rasor firm nearly six months before the Rasor firm ceased its representation of Byrd, and that Byrd contacted Filliatraut on her own accord, so the Fieger Firm is not owed a referral fee.

Whether the Fieger Firm is entitled to the fee is yet to be determined, but shortly after Ms. Byrd settled the case on behalf of Ryan's estate, the Fieger Firm filed a notice of claim of lien for the referral fee (ECF No. 60). Ms. Byrd, through Filliatraut, filed an objection to the notice of claim of lien (ECF No. 63); the Steinberg Firm also filed a motion to strike the lien (ECF No. 67). In response to the motion to strike, the Fieger Firm argues that this Court lacks jurisdiction to hear the fee dispute (ECF No. 69). The Court heard oral argument on the motion on March 19, 2020 and at the close of that hearing, invited supplemental briefing on the issue of jurisdiction (*see* ECF No. 93). The Court has now had the benefit of that supplemental briefing (*see* ECF Nos. 99, 100, 101).

The parties do not dispute that this Court had original jurisdiction to hear the above-captioned case. However, The Fieger Firm argues that the Court cannot exercise supplemental jurisdiction over this attorney fee issue because it is a state-law contract claim. The Fieger Firm has filed a complaint in Oakland County, Michigan, circuit court over the

dispute. *See Fieger & Fieger, P.C. v. The Law Offices of Lee Steinberg, P.C*, Oakland County Circuit Court Case No. 2019-178082-CB.

> Under 28 U.S.C. § 1367(a),
>
> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

District courts may decline to exercise supplemental jurisdiction under this subsection if the court has dismissed all claims over which it had original jurisdiction. *Id.* at § 1367(c). This supplemental jurisdiction is often used for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379-80 (1994) (internal citations omitted). This usually extends to disputes over attorneys' fees: "although attorneys' fee arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action." *Kalyawongsa v. Moffett*, 105 F.3d 283, 287-88 (6th Cir. 1997).

The Fieger Firm argues that this Court cannot rely on *Kalyawongsa* because that case involved an attorney fee dispute between attorneys who had represented the plaintiff at different times in the case; the attorneys had both filed appearances in federal court and billed hours on the same litigation. *Id.* at 285-86. The Fieger Firm attempts to distinguish the case at bar because it did not appear in the case, nor did it bill any hours in the litigation. But

3

the Sixth Circuit has declined to draw this distinction: attorneys that do preparatory work but do not file a complaint (so, they do not appear in federal court) can bring attorney fee challenges that are sufficiently related to the underlying action such that it is part of the same case or controversy. *Stubblefield v. Truck Stops Corp. of America*, 117 F.3d 1421 (Table) (6th Cir. 1997). Thus, *Kalyawongsa* and *Stubblefield* instruct the Court to reject the urge to draw any bright lines based on appearances or billable hours, and instead evaluate the facts to determine whether the fee dispute is sufficiently "related to the underlying action such that it [is] a part of the same case or controversy." *Id.* at *2.

In this analysis, the Court finds *Moldowan v. City of Warren* instructive. Case No. 05-70331, 2013 WL 12327766 (E.D. Mich. Jan. 2, 2013). The case has remarkably similar facts: a plaintiff brought a case to an attorney, who referred the case to a different attorney that was employed with The Fieger Firm. *Id.* at *1-2. The Fieger Firm did some work on the case before the plaintiff changed attorneys again. *Id.* at *2. Eventually the case settled, and The Fieger Firm filed a notice of lien on the settlement. *Id.* The Fieger Firm argued, as it does here, that the attorneys' fee dispute was a state law issue that should not be litigated in federal court. *Id.* at *3-4.

The district court concluded that even though The Fieger Firm had filed an action in Wayne County Circuit Court to recover the attorney fees, it could exercise jurisdiction over the attorneys' fee dispute under *Kalyawongsa*. *Id.* at *4. The court then noted that The Fieger Firm's attorneys' fee dispute was necessarily generated by the same controversy that established subject matter jurisdiction initially. *Id.* "Without that controversy, there would have been no fee, and without a fee, there would be no dispute." *Id.* (citing *Stubblefield*, 117

4

F.3d 1421). That was underscored by The Fieger Firm's tacit acknowledgement of the relation when it filed its lien on the federal docket. *Id.* The court was "satisfied that it ha[d] subject matter jurisdiction to determine the lien and apportion the attorney's fee generated by the settlement in this case." *Id.* at *5.

The same logic applies here. The attorney's fee dispute presently before the court is part of the same case or controversy as the above-captioned case. Had Ryan Byrd not died in the Kalamazoo County Jail, there would be no cause of action. Without the cause of action, there would be no referral between attorneys. And without that referral, there would be no fee dispute. Moreover, attorneys' fees must be addressed in wrongful death settlements in Michigan. *See* M.C.R. 8.121; *Estate of Kalisek by Kalisek v. Durfee*, 910 N.W.2d 717, 719-20 (Mich. Ct. App. 2017). The Court was required to evaluate the attorneys' fees as part of the hearing and order approving the settlement agreement (*see* ECF No. 83). Finally, as in *Moldowan*, The Fieger Law Firm tacitly acknowledged this Court's jurisdiction over the attorney fees dispute when it filed a notice of its lien. Therefore, the Court is satisfied that it has supplemental subject matter jurisdiction to decide the attorneys' fees dispute.

For these reasons, the Court concludes that it has jurisdiction to decide non-party The Law Offices of Lee Steinberg's motion to strike the lien filed by non-party Fieger Law Firm (ECF No. 67). The Court will hold a Rule 16 Scheduling Conference to schedule the progression of the case on a date to be determined.

**IT IS SO ORDERED.**

Date:  August 4, 2020              /s/ Paul L. Maloney  
                                   Paul L. Maloney  
                                   United States District Judge